# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | No.  20-MJ-210-P |
| ) | |
| SHAORONG LIU, ) | |
| ) | |
| Defendant. ) | |

## APPLICATION FOR EXCLUDABLE CONTINUANCE
## OF TIME WITHIN WHICH TO RETURN INDICTMENT

The United States moves this Court to enter an Order granting the government an excludable continuance of time within which to present the captioned cause to the duly constituted and sitting grand jury, pursuant to 18 U.S.C. § 3161(h)(7)(A).

On May 21, 2020, the defendant, Shaorong Liu was charged by Complaint with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349.  Liu was arrested by agents of the Federal Bureau of Investigation and the Department of Energy – Office of Inspector General on May 29, 2020.  That same day, Liu had his initial appearance before Judge Suzanne Mitchell. Judge Mitchell set a preliminary hearing for June 18, 2020, and ordered the defendant released on conditions. The Court appointed William Earley to serve as counsel for Liu for 14 days and gave Liu 14 days to either retain counsel or submit an updated financial affidavit.

Counsel for the United States was contacted by counsel who represented that Liu has retained them to represent him in this matter. Counsel for Liu asked the government to delay indictment in hopes of resolving this case without need for an indictment. Once counsel are able to enter their appearances on Liu's behalf, the United States intends to commence negotiations between the government and defendant. Counsel for the United States contacted William Earley, who indicated that he had no objection to the extension if retained counsel had requested it. Thus, counsel has spoken to Mr. Earley as well as counsel intending to enter their appearance in this case about this application, and none of the counsel representing or intending to represent Liu has presented an objection. If this Court does not grant this application, the government intends to present this case for indictment to the grand jury convening June 16, 2020.

Additionally, investigation into the criminal activity and participants involved in the case charged against the defendant and alleged co-conspirators is continuing at the present time. The premature completion of the investigation could result in omissions requiring additional charging and/or interference with the successful conclusion of the pending investigation.

## ARGUMENT

The Speedy Trial Act, 18 U.S.C. § 3161(b), provides that an indictment or information shall be filed within thirty days from the date on which an individual is arrested or served with a summons in connection with the charge.

The Act also provides for periods of delay which shall be computed as excludable time for the purpose of determining time limits. Section 3161(h)(7)(A) provides that the Court, upon application of either party or on the Court's own motion, may grant an excludable continuance if the Court sets forth in the record its reasons for finding that the "ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."

Section 3161(h)(7)(B) sets forth the factors, among others, which the Court shall consider when ruling on a motion for continuance. Subsection (h)(7)(B)(iii), on which the government relies in seeking continuance in the instant case, provides:

> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

In the Senate Committee Report on the 1979 Amendments to the Speedy Trial Act, the Committee indicated that the amendment of Subsection (h)(7)(B)(iii) was more broadly intended to clarify that an "ends of justice" continuance may be granted to "cover reasonable periods of delay during which reports from investigative agencies and evidentiary analyses from laboratories are completed . . ." S. Rep. No. 212, 96th Cong., 1st Sess. 23 (1979). The requested continuance therefore comports with the spirit of the Speedy Trial Act and the ends of justice.

3

Therefore, the government moves the Court to continue the time limit for the presentment of the above-styled case to the grand jury convening on September 15, 2020, and, pursuant to 18 U.S.C. § 3161(h)(7)(A), to exclude such period from the time limits of the Speedy Trial Act as set forth at 18 U.S.C. § 3161(b), requiring the bringing of an indictment within thirty days from the date of arrest.

                Respectfully submitted,

                TIMOTHY J. DOWNING
                United States Attorney

                s\WILLIAM E. FARRIOR
                Assistant U.S. Attorney
                Okla. Bar No.: 22137
                210 Park Avenue, Suite 400
                Oklahoma City, Oklahoma 73102
                (405) 553-8700 (Office)
                William.farrior@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2020, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

William Earley.

s\WILLIAM E. FARRIOR
Assistant U.S. Attorney
